(54 Misc. 628)

### WOOD v. DUNCAN.

(Supreme Court, Appellate Term.　June 6, 1907.)

ACTION—SINGLE OR DOUBLE CAUSE OF ACTION—PLEADING—COMPLAINT.

　　A complaint which alleged that plaintiff's assignor had sold defendant goods amounting to a stated sum upon which a certain balance was due, and that in consideration of a loan made to defendant it promised to repay the loan to plaintiff's assignor, together with the balance due on the account, but had not done so, contained only one cause of action.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 320–548, 549, 593–595.]

Appeal from City Court of New York, Special Term.

Action by Frank F. Wood against Henry S. Duncan. From an order denying a motion to compel plaintiff to serve an amended complaint, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Slater & Press (Louis Fridiger, of counsel), for appellant.

Frederick F. Eisemann (Jerome Eisner, of counsel), for respondent.

GILDERSLEEVE, P. J. Defendant made a motion for an order compelling plaintiff to serve an amended complaint, separately stating and numbering the causes of action alleged in said complaint. The court below held that there was but one cause of action set forth in the complaint, and therefore denied the motion. From the order entered thereon, defendant appeals.

The complaint herein alleges that prior to January 16, 1907, the Cook & Bernheimer Company sold and delivered to the Broadway Hotel Company goods at agreed prices amounting in the aggregate to the sum of $801.15, upon which a balance is due of $712.05; that on January 16, 1907, defendant for and in consideration of the sum of $500 at that time loaned to him by the Cook & Bernheimer Company, promised and agreed to repay to the Cook & Bernheimer Company on January 21, 1907, the said sum of $500 so loaned and the said book account of the Broadway Hotel Company; that no part of said loan of $500, nor of the said book account of $712.05, has been paid, although duly demanded; and that before the commencement of the action the said claim against defendant, amounting to $1,212.05 and interest, was assigned by the Cook & Bernheimer Company to the plaintiff. The allegations in the complaint with regard to the goods sold to the Broadway Hotel Company were merely to show the facts leading up to the assumption by defendant of an obligation to pay the sum of $712.05 as part consideration of a loan to him of $500, and such allegations do not constitute a separate cause of action based on a claim for goods sold and delivered. The alleged cause of action is based upon the transaction of January 16, 1907, when defendant, as claimed by plaintiff, agreed to pay $712.05, in addition to $500, for a loan to him of $500. It is for a breach of this alleged agreement that the action is brought. There is but one cause of action alleged in the complaint, and the motion was properly denied.

The order must be affirmed, with $10 costs and disbursements. All concur.